**QIANG ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

No. 05–4937–ag.

United States Court of Appeals, Second Circuit.

July 28, 2006.

Qiang Zheng, pro se, Brooklyn, NY.

Amul R. Thapar, United States Attorney, Eastern District of Kentucky; Cheryl Morgan, Assistant United States Attorney, Lexington, KY, for Respondent.

---

Present RALPH K. WINTER, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision.

Qiang Zheng, *pro se*, petitions for review of the August 2005 BIA order affirming Immigration Judge ("IJ") Robert D. Weisel's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA "adopt[ed] and affirm[ed] the decision of the Immigration Judge with regard to the finding that [Zheng] has not met his burden of proving that he warrants asylum, withholding of removal, or protection under the Convention Against Torture." It does not appear to have adopted the IJ's adverse credibility finding. This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003).

Substantial evidence does not support the BIA's and IJ's determination that Zheng failed to meet his burden of proof to establish a well-founded fear of future persecution in China. First, Zheng's failure to submit a letter from his father to the IJ should not have been fatal to his case. The IJ erred when he indicated that it was necessary for Zheng to provide an affidavit from his father, but failed to provide Zheng with the opportunity to obtain such a statement or explain its absence. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir.2006); *see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 156 (2d Cir.2003); *Poradisova v. Gonzales*, 420 F.3d 70, 79 n. 3 (2d Cir.2005).

Moreover, the IJ did not make factual findings about the notice to seal Zheng's store, the photograph of the store after it was allegedly sealed, or the copy and translation of the official sealing tape affixed to his store, all of which supported Zheng's claim that the authorities sealed his store after finding materials related to the Democratic Party. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 163 (2d Cir.2006) (emphasizing that, in rejecting an applicant's claim, an IJ "should consider all the evidence in the record that has probative value"). To the extent that the IJ considered the evidence but chose not to give it any weight because he questioned the authenticity of the detention notification, the IJ's reasoning was flawed. *Cf. Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134–35 (2d Cir.2006) (finding that it is not reasonable for an IJ to conclude that every witness lies or that every document from China is presumptively a forgery because an asylum applicant has the ability to obtain false documents, and that the IJ's error was particularly egregious because he did not evaluate petitioner's documentary evidence on its own merits or question petitioner about the authenticity of this evidence).

Additionally, while the IJ accurately observed two inconsistencies between Zheng's testimony and his written application regarding the length of time that

Chen had worked for him and how he learned of Chen's arrest, the BIA does not appear to have adopted or affirmed the IJ's adverse credibility finding. Moreover, in light of Zheng's documentary evidence, these inconsistencies alone do not form an adequate basis for denying Zheng's asylum application.

Further, although the IJ acknowledged that Zheng applied for relief under the CAT, he failed to make an independent ruling on the CAT claim and to specifically deny CAT relief in the order issued in July 2000.

1 For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision. The pending motion for a stay of removal in this petition is DENIED as moot.